UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: | |
| ARTHUR D. GOLD | Chapter 7 |
| | Case No. 05-22609-WCH |
| Debtor | |
| | |
| PHOEBE MORSE, | Adversary Proceeding No. |
| UNITED STATES TRUSTEE | |
| Plaintiff | |
| V. | |
| ARTHUR D. GOLD | |
| Defendant | |

COMPLAINT OBJECTING TO DISCHARGE

Plaintiff, Phoebe Morse, United States Trustee, brings this action pursuant to 11 U.S.C. §§727(a)(3), (a)(4) and (a)(5) objecting to the entry of the discharge of Arthur D. Gold ("Defendant"). In support of this complaint, the United States Trustee respectfully states as follows:

PARTIES

1. Phoebe Morse is the United States Trustee appointed pursuant to 28 U.S.C. § 581 for Region One which includes the judicial district of Massachusetts.

2. As of the date of the filing, Defendant listed his address as 831 Beacon Street # 287 Newton Centre, MA 02459. Since the filing, the Defendant's counsel, Gary W. Cruickshank, has identified the Defendant's address as 255 Massachusetts Avenue, Apt. 414, Boston, MA 02115-3512.

JURISDICTION

˘1˘

3. This is an adversary proceeding in which the United States Trustee objects to the entry of the discharge of the Defendant under 11 U.S.C. § 727. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(b)(2)(J), this proceeding is a "core" proceeding. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PROCEDURAL BACKGROUND

4. The Defendant filed his voluntary Chapter 7 petition on October 14, 2005 ("Petition Date"). The Court entered an order appointing Lynne Riley as the Chapter 7 Trustee.

5. The deadline for filing a complaint objecting to the entry of discharge in this case has been extended to November 16, 2007. This complaint is therefore timely.

## FACTS

6. The United States Trustee alleges the following facts to be true upon good faith information and belief and subject to further discovery.

7. The Defendant was a practicing attorney who has been a member of the Massachusetts bar since 1967.

8. The Massachusetts Supreme Judicial Court entered an order of disbarment as to the Defendant for misuse of client funds on June 6, 2007.

9. The Defendant has failed to explain the whereabouts and provide a reasonable accounting of substantial sums entrusted to him by Leo and Phyllis D'Antona (the "D'Antonas") in 1989, despite repeated requests for disbursement and accounting from his former clients, the D'Antonas, an order from the Middlesex Superior Court directing him to turnover the money and to file an account, the Massachusetts Board of Bar Overseers and the United States Trustee.

10. The Defendant acted as legal counsel to the D'Antonas during the period of 1989

through January, 2006.

11. The Defendant provided legal services relative to the sale of a commercial property located at 720 Broadway (Route One), Saugus, MA in 1989 and the subsequent investment of the proceeds from the sale.

12. The purchase price for the Saugus property was $1,650,000.

13. After satisfaction of liens and expenses, the net amount due to the D'Antonas from the sale was over $1 million.

14. The Defendant agreed to hold the proceeds for the D'Antonas, to invest the funds on their behalf, and to remit to them the monthly income earned on the investment.

15. From 1989 through December, 2005, the Defendant made monthly payments to the D'Antonas that he represented to be the income from the investments made on their behalf.

16. From at least June, 1999, the monthly payments to the D'Antonas were made by checks drawn on Bank of Boston (Fleet Bank and Bank of America) account no. xxx-xx267 held in the name of Leo D'Antona, Attention Arthur Gold.

17. The Defendant had check signing authority over Bank of Boston account no. xxx-xx267, which was open on the Petition Date.

18. The Defendant did not maintain a substantial balance in Bank of Boston account no. xxx-xx267. Each check or wire drawn on the account was funded by a deposit made a few days earlier.

19. From at least January, 2000, the deposits to Bank of Boston account no. xxx-xx267 used to fund the payments to the D'Antonas were made from Bank of Boston checking account no. xxx-xx642 held in the name of the Defendant and his wife, Penny N. Gold.

20. There are insufficient records available to determine the source of the deposits and

the nature and amount of the disbursements made from Bank of Boston account no. xxx-xx267 prior to January, 2000.

21. The last payment to the D'Antonas from Bank of Boston account no. xxx-xx267 was made in September, 2004.

22. Throughout 2004 and 2005 (including September, 2005), the Defendant transferred funds via check and wire to the D'Antonas from his joint checking account, Bank of America account no. xxx-xx642, as well as Middlesex Savings Bank account no. xxxxxx089 maintained in the name of Arthur Gold c/o Brecher, Wyner, Simons, Fox & Bolan, Attorneys at Law.

23. The Defendant made additional transfers to the D'Antonas via treasurer's checks from Middlesex Savings Bank in October, 2005 and December, 2005. The source of the transfers in this and the preceding paragraph is unknown.

24. On or about June 26, 2001, the D'Antonas signed a document to receive their client files from Lane Altman and Owens LLP, which they sent to the Defendant.

25. The D'Antonas never received the client files referenced in the preceding paragraph and the Defendant retained them.

26. On or about August 24, 2004, the Defendant sent the D'Antonas an authorization to transfer their client files from Eckert Seamans Cherin & Mellott LLC to Brecher, Simons, Fox & Bolan LLP.

27. The Defendant retained the D'Antonas' client files referenced in the preceding paragraph.

28. In August, 2005, the Defendant met with the D'Antonas and Bruce D'Antona, Mr. D'Antona's son, at the Kowloon Restaurant on Route 1, where the D'Antonas told the Defendant to deliver the accounting and funds.

29. At the Kowloon meeting, the Defendant told the D'Antonas and Bruce D'Antona there was $750K remaining in principal, which he had invested and would turnover along with an accounting by year end, 2005.

30. In August, 2005 and December, 2005, the D'Antonas individually or through counsel made written requests of the Defendant for an accounting of all payments made to them or on their behalf and information on where the funds were invested. The Defendant failed to provide a response to the requests.

31. During a telephone conversation with Paul Kenney, the D'Antona's counsel, the Defendant stated that the funds were invested and advised that he would make the funds and file available the following Monday, in early February, 2006.

32. On March 27, 2006, the D'Antonas filed suit against the Defendant in Middlesex Superior Court. On April 4, 2006, an order was issued directing the Defendant to deliver all funds, files and property to the D'Antonas, together with a complete accounting forthwith. The Defendant failed to comply with the Middlesex Superior Court order.

33. The D'Antonas, through their counsel, filed a grievance with the Office of Bar Counsel on or about May 23, 2006. On or about June 1, 2006, Bar Counsel sent the Defendant a copy of the grievance along with a request for complete documentation of all accounting, disbursements and investment information. The Defendant failed to provide a response to this request.

34. On May 11, 2007, this Court entered an order allowing the Motion of the United States Trustee for Rule 2004 Examination ("Order"). The Order requires the Defendant to produce all documents corresponding to any and all transactions involving the D'Antonas including, but not limited to, the sale of the 720 Broadway, Saugus, MA property and an

accounting of all sources and distributions of funds from such transactions.

35.  To date, the Defendant has failed to explain the disposition and account for over $1 million controlled by him on behalf of the D'Antonas.

### COUNT I
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

36.  The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

37.  Section 727(a)(3) of the Bankruptcy Code provides, in relevant part, that the Court shall grant a discharge, unless " ...the debtor has concealed, destroyed, mutilated, falsified or failed to keep or otherwise preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3).

38.  The Defendant has concealed, destroyed, mutilated, falsified or failed to keep or otherwise preserve records, documents and/or papers from which his financial condition or business transactions might be ascertained, to wit: the Defendant has failed to keep a reasonably complete and accurate accounting of all funds entrusted to him by the D'Antonas.

39.  The Defendant's failure to keep or maintain said records was not justified under all the circumstances of the case.

### COUNT II
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)

40.  The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

41. Title 11 U.S.C. § 727(a)(4) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case (A) made a false oath or account.

42. The Defendant knowingly and fraudulently in connection with this case made a false oath or account in his schedules or statements by failing to disclose Bank of Boston (Fleet Bank and Bank of America) account no. xxx-xx267 held in the name of Leo D'Antona, Attention Arthur Gold on his Schedule B (or Statement of Financial Affairs, at question 14).

43. The Defendant knowingly and fraudulently in connection with this case made a false oath or account by failing to list the claims of the D'Antonas on his Schedule F.

44. The Defendant knowingly and fraudulently in connection with this case made a false oath or account by failing to list the transfers he made to the D'Antonas within one year immediately preceding the case on his Statement of Financial Affairs, at question 10 (or the payments he made to creditors, including the D'Antonas, within 90 days immediately preceding the case on his Statement of Financial Affairs, at question 3a).

## COUNT III
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

45. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

46. Section 727(a)(5) of the Bankruptcy Code provides, in relevant part, that the Court shall grant a discharge, unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge…, any loss of assets or deficiency of assets to meet the debtor's liabilities."

47. The Defendant has failed to explain satisfactorily, before determination of denial of

˜7˜

discharge, any loss or deficiency of assets to meet the Defendant's liabilities.  For example, the Defendant has failed to satisfactorily explain the whereabouts of over $1million controlled by him on behalf of the D'Antonas.

<u>REQUEST FOR RELIEF</u>

WHEREFORE, the United States Trustee prays the Court:

A.  Enter a judgment declaring that the discharge of the Debtor from his debts is denied under 11 U.S.C. §§ 727(a)(3), (a)(4) and (a)(5); and

B.  Enter such other and further relief as is just.

                                      Respectfully submitted,

                                      PHOEBE MORSE
                                      United States Trustee

Dated: November 15, 2007       By:    /s/ Paula R. C. Bachtell
                                                    Paula R. C. Bachtell BBO# 564155
                                                    U.S. Department of Justice
                                                    Office of the U.S. Trustee
                                                    Thomas P. O'Neill, Jr. Federal Bldg.
                                                    10 Causeway Street, Room 1184
                                                    Boston, MA 02222
                                                    Tel:(617) 788-0406
                                                    Fax:(617) 565-6368
                                                    E-mail: paula.bachtell@usdoj.gov